**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4593**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ARMANDO RENDON, a/k/a Armando Londonio, a/k/a Armando
Londonio-Rendon, a/k/a Armando Rendon L, a/k/a Armando
Rendon Londono, a/k/a Armando Rendon-Londonio, a/k/a Juan
Manuel Miranda, a/k/a Juan Manuel Miranda Calderon,

Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt. Deborah K. Chasanow, Chief District
Judge. (8:10-cr-00681-DKC-1)

Submitted: February 23, 2012      Decided: February 27, 2012

Before MOTZ, DAVIS, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ron Earnest, LAW OFFICE OF RON EARNEST, Riverdale, Maryland, for
Appellant. Mara Zusman Greenberg, Ann M. O'Brien, OFFICE OF THE
UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Armando Rendon was sentenced to thirty-six months in prison after a jury convicted him of one count each of: making a false claim to United States citizenship, in violation of 18 U.S.C. § 911 (2006); making a false statement in a passport application, in violation of 18 U.S.C. § 1542 (2006); fraudulent use of a social security number, in violation of 42 U.S.C. § 408(a)(7)(B) (2006); aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (2006); and re-entry of a removed alien, in violation of 8 U.S.C. § 1326(a) (2006). Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), asking the court to conduct a full examination of the record for prejudicial error. Rendon has filed a pro se supplemental brief in which he asserts that his counsel was ineffective and suggesting that there was insufficient evidence to support his aggravated identity theft conviction. The Government has declined to file a responsive brief. Finding no error, we affirm.

We review the district court's denial of Rendon's Fed. R. Crim. P. 29 motion de novo. See United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). When a Rule 29 motion was based on a claim of insufficient evidence, the jury's verdict must be sustained "if there is substantial evidence, taking the view most favorable to the Government, to support it." United States

v. Abu Ali, 528 F.3d 210, 244 (4th Cir. 2008) (internal quotation marks and citations omitted). This court "ha[s] defined 'substantial evidence' as evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Alerre, 430 F.3d at 693 (internal quotation marks and citation omitted). We have reviewed the record of the district court proceedings and conclude that it was reasonable for the jury to accept the Government's evidence as adequate and sufficient to find Rendon guilty of the offenses with which he was charged beyond a reasonable doubt.

We reject on this appeal Rendon's assertion that his trial counsel was ineffective. An ineffective assistance of counsel claim should generally be raised in a habeas corpus motion under 28 U.S.C.A. § 2255 (West Supp. 2011) in the district court. See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). Although an ineffective assistance claim may be cognizable on direct appeal if "it conclusively appears from the record that defense counsel did not provide effective representation[,]" United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008), it does not conclusively appear on the record that counsel provided ineffective representation. Accordingly, an ineffective assistance of counsel claim is not cognizable on this appeal.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Rendon, in writing, of the right to petition the Supreme Court of the United States for further review. If Rendon requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Rendon. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>